Woodward *v.* Backus.

| 20 | 137 |
| 95 | 307 |
| 20 | 137 |
| 115 | 101 |
| 20 | 137 |
| a117 | 35 |

| 20 | 137 |
| 138 | 354 |

## WOODWARD, Administrator, *v.* BACKUS *et al.*

The granting or refusing of a motion to set aside a default based upon affidavits is a matter within the proper discretion of the Court before whom the motion is made; and unless that discretion has been abused, the appellate Court will not interfere.

On application by defendant to set aside a default, an affidavit by him stating that the case has been fully and fairly represented to counsel, who have advised affiant that he has a good, full and perfect defense on the merits, is sufficient on that point, without stating the facts constituting the defense.

APPEAL from the Sixth District.

On the —— day of May, 1861, plaintiff commenced suit in the District Court of the Sixth Judicial District against defendants, G. Backus, D. O. Mills, L. B. Harris, J. H. Gass, and R. C. Clark, for the sum of $1,500 and interest. On the third day of July, 1861, service was had on L. B. Harris, one of the above defend-

10

ants, and on the ninth of the same month service was had on D. O. Mills, another of said defendants.

On the thirteenth day of September, 1861, no answer having been filed, default was taken against the said parties, and on the nineteenth of September judgment was entered, and execution issued, and levy made.

On the twenty-seventh of that month, on motion on the part of defendants, judgment was set aside and execution ordered returned.

This appeal is from the order setting aside default and judgment.

The affidavits used by defendants on the motion, showed that within the time allowed to answer after service of summons, an answer was prepared by defendants' attorneys, but was not filed or served by reason of a verbal agreement with the attorneys for plaintiff that the answer might be filed at the latest period which would enable the case to be tried at the October term; that a previous written stipulation, extending the time to answer, had relation only to the August term of the Court, and that the verbal agreement was subsequently made at the request of defendants' counsel, and upon this verbal agreement they had acted in delaying to file the answer.

The affidavits on behalf of defendants contradicted the statements as to the verbal agreement, and tended to show that while there had been conversations between the attorneys on the subject, there had been no agreement to give further time to answer, except the written stipulation, and that the time therein given had expired before the default was taken.

The only statement as to the merits of the defense, or its nature, was in the affidavit of defendant D. O. Mills, in these words: "That he has fully and fairly stated the case to his counsel, Winans & Hyer, and that he is advised by such counsel, after such statement made as aforesaid, and verily believes, that he and said defendant Harris have a good, full and perfect defense to said action upon the merits."

*Harrison & Estee,* for Appellant.

I.   The affidavits do not show any surprise against which ordinary prudence could not have guarded.

Woodward *v.* Backus.

If judgments by default can be set aside, and written agreements superseded and annulled by affidavits like those made in this case, judgments and pleadings can have little weight or value. It would be a fraud upon the practice, which is never countenanced by Courts of Justice.

II.   There is no sufficient affidavit of merits. · A general statement that defendant has stated his case to counsel, and is advised by them that he has a good defense, is not sufficient.   The affidavit should state specifically wherein their defense consists.   (*Rogers* v. *Hine,* 1 Cal. 433 ; *Chase* v. *Swain,* 9 Id. 137 ; *Gibson* v. *Scott,* 15 Id. 286 ; *Thomelson* v. *Rubio,* 16 Id. 202.)

Default confesses every issuable fact.   (6 Cal. 174 ; 10 Id. 444, 458 ; 14 Id. 119 ; 15 Id. 26.)

See *Hunter* v. *Lester,* (18 How. Pr. R. 347) where affidavits of merits stated that the note on which the suit was brought had been paid ; held insufficient, as they should state how, when and where, and the default and judgment were not set aside.

Also, in *Armstrong* v. *Craige,* (18 Barb. 387) it is "held that manifest injustice must be shown to open default.   A bare affidavit of merits is not sufficient; facts must be stated and not conclusions."

In *Fowler* v. *Colyer,* (2 E. D. Smith, 125) " an ordinary affidavit is held not sufficient; the nature of the defense must be made to appear."   (See, also, *Windship* v. *Jewett,* 1 Barb. 173 ; *Rich* v. *Hathaway,* 18 Ill. 548 ; *Smithurst* v. *Bruner,* Dist. Ct. c. c. July, 1848 ; *Simmons* v. *West,* 2 Wh. 261 ; *Arnold* v. *Palmer,* 23 Pa. 411 ; *Barry* v. *Johnson,* 3 Mo. 872 ; *Heath* v. *Whidon,* 29 Me. 108.)

*J. W. Winans,* for Respondents.

The question of mistake, inadvertence, surprise or excusable neglect was one presented to the Court below upon conflicting evidence and affidavits.   It involved an inquiry into facts, which were only determinable by weighing the contradictory evidence and proof. Even upon an ordinary appeal, this Court will not disturb the findings of facts of the Court below, where the testimony is conflicting ; much less will they do so where the action of the Court below is by statute made discretionary.

The case of *Mann* v. *Provost*, (3 Abbott's Pr. 446) is directly in point. " Where, upon a motion to open a regular judgment entered upon failure to answer, it appeared that an answer was prepared by defendant's counsel in due season, but not served for the reason that he believed plaintiff's proceedings to be irregular ; that defendant's counsel made repeated efforts to see plaintiff personally to have the irregularity corrected, but was unsuccessful, and that he understood from plaintiff's attorney that no further steps would be taken until he could have an interview with the plaintiff : held, this was a case of surprise or excusable neglect," and the judgment was opened.

In *Montgomery* v. *Ellis*, (6 How. Pr. R. 326) it is held that the Courts have determined that the rule requiring stipulations or agreements to be in writing does not apply " when the party has been led to rely upon them."

In fact, although the rule is that oral agreements are not binding on attorneys, this has never been held to prevent the Courts from giving relief, (when they have discretion so to do) and the oral agreement, though relied on, has been violated. (*Pope* v. *Dinsmore*, 8 Abbott's Prac. Rep. 129.)

A general affidavit of merits on a motion to set aside a default is sufficient, and the facts constituting the defense need not be stated. (*Burrows* v. *Hillhouse*, 6 Johns. 131 ; *McKinstry* v. *Edwards*, 2 Johns. Cases, 113, and see note " d " for analysis of whole question ; *Coggswell* v. *Vandenberg*, 1 Caine, 156 ; *Jones* v. *Young*, 1 Dallas, 248 ; *Briggs* v. *Bridges*, 3 Johns. 448 ; *Stevens* v. *Thompson*, 1 Kernan Pr. 138 ; *Dix* v. *Palmer*, 5 How. Pr. 233 ; *Ellis* v. *Jones*, 6 Id. 296.)

In New York, the right to set aside a default, even to plead the Statute of Limitations, is expressly allowed. (*Lovett* v. *Cowan*, 6 Hill, 225–6 ; 10 Wend. 595 ; 4 How. Pr. 26.)

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an appeal from an order setting aside a judgment by default. The points in the case relate to the sufficiency of the affidavits upon which the order was based. It is contended that the

affidavits do not sufficiently excuse the negligence of the defendants, and are defective in failing to state the facts showing a valid and meritorious defense to the action.    In making the order, the Court below was only required to exercise proper discretion; and the order must have been so plainly erroneous as to amount to an abuse of discretion, to justify interference on our part.    We think it cannot reasonably be held that the discretion of the Court has been abused; and whatever may be our opinion of the strict propriety of the relief granted, we see nothing in the objections taken to authorize a reversal.    It would have been better, perhaps, if the affidavits, instead of stating that the case had been fully and fairly represented to counsel, etc., in the usual form, had set forth the facts constituting the defense.    We cannot, however, hold that the affidavits are insufficient in this respect, without departing from what is undoubtedly the settled practice, both in England and in this country.    The Court below could have required a more specific statement, but whether it would do so or not was purely a matter of discretion.

Order affirmed.