[No. 7,137.—Department Two.]

FRANCISCO HUART v. JUAN GOYENECHE ET AL.

DEFAULT—NEGLIGENCE.—A default opened on the ground that there was no negligence on the part of the defendants or their attorneys.

APPEAL from a judgment for the plaintiff, and from an order denying a motion to open a default, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

From the bill of exceptions, it appears that the Court refused to open the default "solely on the ground that the showing of merits was insufficient to justify the Court in opening the same," and "that on all other questions and points aside from the merits, that is, the title, the Court found that the defendants should be and were entitled to the relief asked."

The action was to quiet title; and the showing as to merits consisted of a general affidavit of merits by the defendant, a verified answer denying the allegations of the complaint, and affidavits of the parties, setting up in detail their respective titles; from the latter of which it appeared that the defendants deraigned title under a State patent, and the plaintiff under a tax-deed, which recited an assessment to "A. Labory," a predecessor in interest of the defendants, "and to all owners and claimants, known and unknown."

On the question of negligence, Mr. Hazard, the defendants' attorney, states in his affidavit, that, on the day before

the time for answering expired, he went to the office of Mr. Ramerez, one of the plaintiff's attorneys, and told him "that he had the answer already drawn, but that his client had not verified the same, and that he would have to go and get his client to verify the same on that day, unless further time was given to answer, when Ramerez said he would extend the time to answer, and would not take default." The affidavit of Mr. Ramerez substantially admits this statement, but states that the interview took place on the last day for answering, instead of the day before, and that on the next day he met Mr. Hazard, who told him the answer would be filed by 2 o'clock; that his client inquired of him the state of the case, and affiant informed him of the facts; that the plaintiff, " as affiant is informed and believes, went to the office of Mr. S. C. Hubbell, the principal attorney in the case, and insisted that judgment be taken against the defendants," and that the default was taken by Mr. Hubbell, no other attorney being present.

*H. T. Hazard,* for Appellants.

*S. C. Hubbell,* and *F. P. Ramerez,* for Respondent.

By the COURT:

There was no negligence on the part of defendants or their attorney, and the default should be set aside.

Judgment reversed, and cause remanded, with instructions to set aside the default and permit defendants to answer.