[No. 14672. Department One. — July 14, 1892.]

CASSIUS J. JOHNSON, RESPONDENT, v. OWEN SWEENEY, APPELLANT.

ORAL STIPULATION — EXTENSION OF TIME TO ANSWER — SETTING ASIDE JUDGMENT BY DEFAULT. — Although, as a general rule, a stipulation of counsel cannot be enforced unless put in writing, or entered in the min'utes of the court, yet where an oral agreement for an extension of time to answer or demur is admitted, and has been relied upon by the defendant, a judgment by default taken against him in violation of the terms of the stipulation should be set aside.

ID. — PROOF OF ORAL AGREEMENT — ADMISSION — EXECUTED AGREEMENT — ESTOPPEL. — If the party against whom a verbal stipulation is invoked denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute; but where the facts relied upon by the moving party are not controverted, there is no reason for the application of the rule, and it is too late to repudiate the stipulation after it has been executed.

APPEAL from a judgment of the Superior Court of Solano County, and from an order refusing to set aside a judgment by default.

The facts are stated in the opinion of the court.

*Raleigh Barcar*, for Appellant.

The entry of appellant's default, and the judgment by default after the demurrer had been filed, was error. (*Acock* v. *Halsey*, 90 Cal. 215; *Oliphant* v. *Whitney*, 34 Cal. 25; *Bowers* v. *Dickinson*, 18 Cal. 420.)

*A. J. Dobbins*, for Respondent.

A party to an action is not entitled to relief from a

judgment entered against him on account of the negligence of his attorney. (*Smith* v. *Tunstead*, 56 Cal. 175; *Ekel* v. *Swift*, 47 Cal. 620; *Reilly* v. *Ruddock*, 41 Cal. 312; *Coleman* v. *Rankin*, 37 Cal. 247; *Haight* v. *Green*, 19 Cal. 115; *Mulholland* v. *Heyneman*, 19 Cal. 605.) The judge of the trial court could take no notice or cognizance of an oral agreement or stipulation made between attorneys out of court. (*Patterson* v. *Ely*, 19 Cal. 35; *Reese* v. *Mahoney*, 21 Cal. 305.) An order denying or granting a motion to set aside a judgment by default, on the ground of mistake, inadvertence, surprise, or excusable neglect of the defaulting party, rests in the sound discretion of the court, and should not be disturbed by this court on appeal, except in a plain case of a gross abuse of this discretion. (*Bailey* v. *Taaffe*, 29 Cal. 422; *Howe* v. *Independence Co.*, 29 Cal. 72; *Woodward* v. *Backus*, 20 Cal. 137; *Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 17; *Coleman* v. *Rankin*, 37 Cal. 247; *People* v. *Frisbie*, 26 Cal. 135; *Dougherty* v. *Nevada Bank*, 68 Cal. 275; *Garner* v. *Erlanger*, 86 Cal. 60; *Underwood* v. *Underwood*, 87 Cal. 523.)

PATERSON, J. — The defendant moved in the court below for an order setting aside a judgment taken against him my default, entered in open court on an *ex parte* application of plaintiff on April 28th, and in support of his motion filed an affidavit made by his attorney, showing, among other things, the following facts: The summons was served upon defendant in the county where the action was commenced, on April 17, 1891. The defendant had, therefore, to and including the twenty-seventh day of April, 1891, to appear and answer or demur. His counsel was engaged in the trial of a case in the superior court on the last day for answering, and in the evening after adjournment, while riding to Vacaville with the plaintiff's attorney, he asked the latter if he would accept service of a general demurrer, waive copy, and give him more time in which to prepare and serve a special demurrer, saying that he would

like until Saturday, May 2d. Thereupon the attorney for plaintiff said he could have until Saturday, or longer if he desired it, in which to file a special demurrer, and that he would accept service of a general demurrer that evening. When the demurrer was presented to the attorney for the plaintiff in the evening, he indorsed upon it his acceptance of service, qualified, however, by the words, "reserving all rights in the premises regarding default in the within-entitled action." The attorney for defendant did not notice the fact that plaintiff's attorney had qualified his acceptance of service of the demurrer until a late hour that night. On the following morning the demurrer, with proof of service, was filed in the clerk's office, — before default was entered. The affidavit states that the affiant relied on the conversation with the attorney for the plaintiff as an agreement to give the defendant until Saturday to prepare a special demurrer. No counter-affidavits were filed.

We think that upon this showing the motion ought to have been granted.

It is a general rule that a stipulation of counsel cannot be enforced unless put in writing, or entered in the minutes of the court; but where an oral agreement for an extension of time to answer or demur is admitted, and has been relied on by the defendant, a judgment by default, taken against him in violation of the terms of the stipulation, will be set aside. If the party against whom a verbal stipulation is invoked denies that such a stipulation was made, the court will not hear the parties for the purpose of settling the dispute; but where the facts relied upon by the moving party are not controverted, there is no reason for the application of the rule, and it is too late to repudiate the stipulation after it has been executed. (*People* v. *Stephens,* 52 N. Y. 310.) In *Huart* v. *Goyeneche,* 56 Cal. 429, it was held that the defendant was not guilty of negligence in relying upon an oral promise for an extension of time to answer; and an order refusing to set aside a judgment taken against him by default while

relying upon such promise was reversed.   In *Woodward* v. *Backus*, 20 Cal. 137, the court held that the court below did not abuse its discretion in setting aside a judgment by default, although the affidavits of the plaintiff denied that an oral extension of time had been granted. It is true, the question as to the necessity for a written stipulation was not considered by the court in either of the last two cases cited, although it was discussed by counsel in *Woodward* v. *Backus*, 20 Cal. 137; but the weight of authority is against the application of the general rule to cases of default judgments, and no case has been cited in which a party has been permitted to retract and take advantage of his adversary's acts or omissions, based on reliance upon his oral promise or stipulation.

In the brief, counsel for respondent states that at the hearing of the motion to set aside the default in the court below, he offered to make and file an affidavit to the effect that he had at no time agreed or stipulated with defendant's attorney that the time for filling an answer or demurrer should be extended, but that the court held it could take no notice or cognizance of an oral agreement or stipulation made between attorneys out of court; but the fact does not appear in the transcript, and we are guided only by the record made in the court below and certified to us.

Judgment reversed and cause remanded, with instructions to sit aside the default, and permit the defendant to answer.

HARRISON, J., and GAROUTTE, J., concurred.