[S. F. No. 720.    Department Two.—May 20, 1897.]

THOMAS A. McGOWAN, Appellant, v. ERNESTINE KRELING, Administratrix, etc., Respondent.

Judgment by Default—Order Setting Judgment Aside—Discretion—Disputed Verbal Stipulation—Furtherance of Justice — Terms. An application to set aside a judgment by default is addressed to the sound legal discretion of the trial court, and an order granting it will not be disturbed upon appeal, except in case of gross abuse of discretion; and it is not an abuse of discretion to grant such an application, merely because the excuse for the default is based upon an alleged verbal stipulation with plaintiff's counsel, not entered upon the minutes of the court, the existence of which is disputed and denied, where it is apparent that the defendant intended to make a defense to the action, and that the furtherance of justice required the opening of the default, and the court imposed reasonable terms as a condition of the permission to answer to the merits.

Id. — Action against Administratrix — Insufficient Knowledge for Defense — Deposition of Plaintiff — Agreed Continuances after Default—Deception of Defendant.—Where the action in which the judgment by default was set aside was brought against an administratrix, and was founded upon transactions about which the administratrix presumably had little knowledge, it was proper and prudent for her to endeavor to obtain some knowledge of the facts from the deposition of the plaintiff before answer, with a view to preparing the answer; and although the fact alleged in defendant's affidavit that the plaintiff's attorney agreed orally to give formal notice of the overruling of a demurrer, and not to take any further steps in the action until the deposition of plaintiff was completed, is disputed and denied by plaintiff's attorney, yet, where both parties united in taking the deposition, the affidavit for which alleged that it was taken with a view to preparing the answer, and the plaintiff stipulated for various continuances thereof after the defendant had been in default, the trial court might conclude from the facts that the conduct of the plaintiff deceived the defendant, and might properly set aside the judgment by default.

Appeal from an order of the Superior Court of the City and County of San Francisco, opening a default and setting aside a judgment.    John Hunt, Judge.

The facts are stated in the opinion of the court.

*Reel B. Terry, F. H. Smithson,* and *Van R. Paterson,* for Appellant.

An oral stipulation cannot be relied upon by the parties or considered by the court, nor can the court predi-

cate any action upon such a stipulation unless it is admitted. If it be disputed or denied, the matter ends. (Code Civ. Proc., sec. 283; Rule 30, Superior Court; Transcript, fol. 123; *Smith* v. *Polack*, 2 Cal. 92–94; *Peralta* v. *Mariea*, 3 Cal. 185; *Patterson* v. *Ely*, 19 Cal. 28; *Reese* v. *Mahoney*, 21 Cal. 306; *Borkheim* v. *North British etc. Ins. Co.*, 38 Cal. 623; *Merritt* v. *Wilcox*, 52 Cal. 238; *In re Keeler's Will*, 23 Abb. N. C. 376; 7 N. Y. Supp. 199; *Marsh* v. *Lasher*, 13 N. J. Eq. 253; *Haley* v. *Eureka County Bank*, 20 Nev. 410; *Martin* v. *De Loge*, 15 Mont. 343; *Haggin* v. *Lorenz*, 13 Mont. 406; *Morse* v. *Budlong*, 5 Colo. App. 147; *Goben* v. *Goldsberry*, 72 Ind. 44; *Louisville etc. R. R. Co.* v. *Boland*, 70 Ind. 595; *Lee* v. *Atlanta Street R. R. Co.*, 91 Ga. 215; *Moran* v. *Mackey*, 32 Minn. 266; *Haylen* v. *Missouri Pac. R. R. Co.*, 28 Neb. 660; *Palatka etc. R. R. Co.* v. *State*, 23 Fla. 550; 11 Am. St. Rep. 395; *Graham* v. *Edwards*, 114 N. C. 228; *Le Duc* v. *Moore*, 113 N. C. 275; *Hemphill* v. *Morrison*, 112 N. C. 758; *Graves* v. *Hines*, 106 N. C. 324; *Sondley* v. *Asheville*, 112 N. C. 694; *Council Bluffs etc. Co.* v. *Jennings*, 81 Iowa, 470; *State* v. *Stewart*, 74 Iowa, 337; *Hiller* v. *Landis*, 44 Iowa, 223; *Dixon* v. *Brophey*, 29 Iowa, 460; *Doerr* v. *South Western Mut. Life Assn.*, 92 Iowa, 39.) Rule 30 of the superior court requires all agreements between attorneys in respect to the proceedings in a cause to be in writing, and the court and the suitor are equally bound by this rule; it must be construed the same as a statutory provision would be construed. (*Hanson* v. *McCue*, 43 Cal. 178; *In re Jessup*, 81 Cal. 483.) The power of the court to open a default is derived from the statute (Code Civ. Proc., sec. 473), and unless the mistake, surprise, inadvertence or excusable neglect therein made grounds for the action of the court clearly appears, the default should not be set aside. (5 Am. & Eng. Ency. of Law, 496; *People* v. *O'Connell*, 23 Cal. 282; *Shearman* v. *Jorgensen*, 106 Cal. 483; *Haley* v. *Eureka County Bank*, 20 Nev. 410.) The defendant's showing in this case is the affidavit of her attorney. This must be construed most strongly against the moving party.

(*Crossman* v. *Wohlleben,* 90 Ill. 537.)   The case taken most favorably for the defendant shows a default suffered through the gross negligence of her attorney.   But the negligence of the attorney is the negligence of the party, and is not a sufficient ground for opening a default. (*Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* 19 Cal. 606; *Sampson* v. *Ohleyer,* 22 Cal. 200; *Reilly* v. *Ruddock,* 41 Cal. 312; *Gray* v. *Sabin,* 87 Cal. 212; *Thomas* v. *Chambers,* 14 Mont. 423; 5 Am. & Eng. Ency. of Law, 495.)

*H. H. Lowenthal,* and *D. J. Murphy,* for Respondent.

The superior court did not attempt to enforce the verbal stipulation; it merely held that defendant's counsel by mistake supposed that there was such a stipulation, and that plaintiff's conduct in delaying the taking of the default, and, instead, proceeding with the taking of the deposition, was calculated to, and did, give considerable justification for the mistake.  ( *Walker* v. *Tiffin Mining Co.,* 2 Colo. 92.)   The court, on a motion to open a default, may consider the claim of mistake, inadvertence or surprise, or excusable neglect in relying upon a supposed verbal stipulation.  ( *Woodward* v. *Backus,* 20 Cal. 137.)   It is not negligence to rely on such a stipulation.   (*Johnson* v. *Sweeney,* 95 Cal. 306.) The order must be affirmed, as it was in the discretion of the court to make it, and the action of the court can be reversed only upon a showing of gross abuse of dis-cretion.   (*Hitchcock* v. *McElrath,* 69 Cal. 636; *Harbaugh* v. *Honey Lake Co.,* 109 Cal. 70; *Chamberlin* v. *Del Norte,* 77 Cal. 151; *Underwood* v. *Underwood,* 87 Cal. 525; *Pearson* v. *Drobaz etc. Co.,* 99 Cal. 425; *Grady* v. *Donahoo,* 108 Cal. 211; *Watson* v. *San Francisco etc. Co.,* 41 Cal. 20.)

McFarland, J.—This is an appeal by plaintiff from an order of the court below opening the default of the defendant, and setting aside a judgment which had been entered upon said default in favor of plaintiff and against the defendant.

The action is brought against the respondent, as administratrix of the estate of William Kreling, deceased, to recover quite a large sum of money alleged to be due plaintiff for certain services averred to have been rendered by plaintiff to said Kreling, deceased, in his lifetime. The respondent filed a demurrer to the complaint, which was overruled on April 26, 1895, with leave to the respondent to answer within ten days thereafter. Before the expiration of the ten days, the respondent, upon an affidavit that she desired to take the deposition of the. plaintiff as a witness before trial, "with a view of preparing her answer to the plaintiff's complaint herein, and also prepare for the trial of said action," had procured an order of the court that the deposition of the plaintiff be taken before a certain notary public on the twenty-fourth day of April, 1895. By written stipulation of the parties, the taking of the deposition was continued until the 8th of May, when the taking of it was commenced, and afterward continued by stipulation to the 11th of May. It was further continued from time to time until May 25th; and, the deposition not having been completed, it was stipulated by the parties that the taking of the deposition be continued indefinitely, " to be reopened upon a notice of three days by either party." The respondent had not filed any answer at the expiration of the ten days above mentioned, and the appellant had not taken any default, but had entered into a stipulation relative to the taking of said deposition, as above mentioned, while the respondent was in default for want of an answer, but on June 7, 1895, the clerk of the court entered the default, in which it was recited that the demurrer was overruled, and " notice thereof having been given and served upon the defendant." A few days afterward the respondent gave notice of a motion to set aside the default, which was accompanied by an affidavit of merits, made by respondent, and also by a verified answer setting up a defense upon the merits, and an affidavit of her attorney. The affidavit of her attorney stated, among other things,

that the attorney for the appellant agreed orally to serve
upon the attorney for the respondent the notice of the
overruling of the demurrer, and not to take any further
steps in the action until the taking of the deposition of
the plaintiff had been completed, and that he relied
upon said promise of plaintiff's attorney, and upon his
conduct in proceeding to take the deposition, and the
consent to continuances thereof, etc.

Counsel for appellant relies mainly upon the propo-
sition that under section 283 of the Code of Civil Pro-
cedure, and a certain rule of the court below, a mere
verbal agreement between counsel, not entered in the
minutes of the court, cannot be enforced if it be dis-
puted or denied, which was done in the case at bar.
But the question here is whether or not the court
below, under all the circumstances of the case, abused
its discretion in setting aside the default. "Applica-
tions to set aside defaults are addressed to the sound
legal discretion of the trial court, and if granted the
orders are never disturbed by this court, except in cases
of gross abuse." (*Chamberlain* v. *Del Norte,* 77 Cal.
151.) The case of *Woodward* v. *Backus,* 20 Cal. 137,
was very similar to the case at bar. In that case the
defendant had failed to file an answer in time, because
he relied upon the verbal agreement of the attorneys
for plaintiff that he might have further time, and the
affidavit of defendant's attorney to the agreement was
denied by the attorney for the plaintiff; and the court
said: "In making the order the court below was only
required to exercise proper discretion, and the order
must have been so plainly erroneous as to amount to an
abuse of discretion to justify interference on our part.
We think it cannot reasonably be held that the discre-
tion of the court has been abused; and, whatever may
be our opinion of the strict propriety of the relief
granted, we see nothing in the objection taken to au-
thorize a reversal." The point as to the agreement
being verbal is not mentioned in the opinion of the
court, but that point was presented and argued in the

brief of counsel, and must necessarily have been considered by the court. In *Huart* v. *Goyeneche*, 56 Cal. 429, this court reversed an order refusing to open a default in a case very similar in principle to the one at bar. In *Underwood* v. *Underwood*, 87 Cal. 525, the court said: "The showing made on motion to set aside the judgment is a very weak one; but we are always unwilling to interfere with the decisions of the court below in matters of this kind." In the case at bar the action was founded upon transactions apparently not based upon any written contract which occurred during the lifetime of deceased, and about which the administratrix may be supposed to have had but little knowledge, and it was quite proper and prudent for her to endeavor to get some knowledge of the facts from the deposition of the plaintiff before she filed her answer. The court below no doubt considered the fact that the appellant and respondent united in taking the deposition of the plaintiff, and stipulated for various continuances after the defendant had been in default, and that this conduct naturally deceived the respondent. It was quite apparent that the respondent intended to make a defense to the action, and that the furtherance of justice required the opening of the default. No doubt counsel for respondent, under the circumstances which appear in the affidavit of appellant's counsel, was unwise in subjecting himself to the danger of suffering a default; and the court imposed a penalty of one hundred and twenty-five dollars as a condition of the permission to answer. A trial judge is generally acquainted with the attorneys and parties who come before him, and is much better qualified to do justice in a case like this than is an appellate court dealing only with the printed record; and under all the circumstances of this case we do not feel warranted in saying that the court below abused its discretion in opening the default.

Order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.