[Civ. No. 1656.   First Appellate District.—June 15, 1916.]

# W. H. MacGILLIVRAY, Appellant, v. A. D. OWEN, Respondent.

JUDGMENT BY DEFAULT—ORDER SETTING ASIDE—VERBAL STIPULATION—
SUFFICIENCY OF EVIDENCE.—On a motion to set aside the default of a defendant and vacate a judgment entered thereon, where the trial court found that an oral stipulation had been entered into between the defendant and one of the attorneys for the plaintiff, since deceased, to the effect that it would not be necessary for said defendant to appear in the action and that no judgment would be taken against him, and that for a period of more than six years thereafter, during which time the defendant had made no appearance, relying upon such stipulation, no default was entered and no judgment taken, but after the lapse of said time defendant's default was taken and judgment entered against him, and he immediately after discovering the fact and within a few days after the entry of the judgment made said motion, there was no abuse of discretion on the part of the trial court in granting the motion.

ID.—VERBAL STIPULATIONS—RULE.—While it is true that the courts have early and often applied the rule that verbal stipulations as to pleadings and evidence will not ordinarily be regarded and enforced in the courts except when admitted by the parties against whom they are invoked, the courts have been indisposed to give this otherwise general rule application to default judgments, and in such cases they have allowed the trial court a wide discretion in determining whether or not the defendants should not be relieved from such default and allowed to defend upon the merits.

APPEAL from an order of the Superior Court of Fresno County vacating a judgment and setting aside a default. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Royle A. Carter, and Thomas F. Lopez, for Appellant.

M. B. Harris, and E. M. Harris, for Respondent.

THE COURT.—This is an appeal from an order setting aside the default of the defendant and vacating a judgment entered upon such default.

The grounds of the defendants' motion for such relief consisted of the showing made by him that in the month of March, 1908, shortly after the commencement of the action, an oral stipulation had been entered into between himself and Stanton L. Carter, Esq., one of the attorneys for the plaintiff in the action, to the effect that it would not be necessary for said defendant to appear in the action, and that no judgment would be taken against him, and upon the further showing that for a period of more than six years thereafter, during which the defendant had made no appearance, relying upon such stipulation, no default was entered and no judgment taken against him, but that in the month of September, 1914, the action was dismissed against the other defendants therein, and default and judgment entered against this defendant, which he made this motion to have set aside immediately after his discovery of the fact and within a few days after the entry of the judgment.

Upon the hearing of the motion the affidavit of defendant with certain evidence was offered, strongly tending to prove the existence of such stipulation and of the defendant's reliance thereon. It further appeared that Stanton L. Carter, Esq., had died in the meantime, and hence no affidavit could be presented from him denying the existence of said stipulation. The plaintiff did, however, present some evidence—mostly hearsay—having some tendency toward proving that such an oral stipulation had not been made; but in so far as the defendant's affidavit positively asserted the existence of the stipulation, it was undenied, except upon information and belief.

The trial court found that such stipulation existed, and thereupon set aside the default and judgment taken and entered in contravention thereof.

We find no error in such ruling. While it is true, as the appellant asserts, that the courts of this state have early and often applied the rule that verbal stipulations as to pleadings and evidence will not ordinarily be regarded and enforced in the courts, except when admitted by the parties against whom they are invoked, the courts have been indisposed to give this otherwise general rule application to default judgments (*Johnson* v. *Sweeney,* 95 Cal. 306, [30 Pac. 540]) ; and in such cases have allowed to the trial courts a wide discretion in determining whether the defendant should not be relieved from such default and allowed to defend upon the merits. (*Craig* v. *San Bernardino Inv. Co.,* 101 Cal. 124, [35 Pac. 558] ; *Reclamation Dist.* v. *Hamilton,* 112 Cal. 610, [44 Pac. 1074] ; *Durbrow* v. *Chesley,* 24 Cal. App. 418, [141 Pac. 631] ; *Jergins* v. *Schenck,* 162 Cal. 747, [124 Pac. 426].)

In the case at bar the direct proof of the defendant as to the existence of the oral stipulation is unmet by an equally direct denial of its existence, for the reason, as the appellant contends, than Stanton L. Carter, Esq., with whom it is claimed by the defendant to have been made, is dead. But, on the other hand, it is shown by the record that Mr. Carter lived for several years after the time when the entry of the default might properly have been made and judgment taken against him if such stipulation to the contrary did not exist, and that during the lifetime of Mr. Carter no such steps were taken. Under these circumstances we are of the opinion that the court did not abuse its discretion in setting aside the default and judgment, and in permitting the respondent to defend this case upon the merits.

We see no force in the other points presented by the appellant.

Judgment affirmed.