[Civ. No. 2497. Second Appellate District.—December 27, 1917.]

## FLORENCE A. PORTER, Appellant, v. FRANK BRYSON, as Administrator, etc., Respondent.

DEFAULT JUDGMENT—ORDER SETTING ASIDE—APPEAL—DISCRETION.— An order setting aside a default judgment under section 473 of the Code of Civil Procedure will not be disturbed on appeal unless it very clearly appears that the trial court has abused its discretion.

ID.—MISTAKE OF ATTORNEY—INDORSEMENT OF WRONG DATE OF SERVICE OF COPY OF COMPLAINT—RELIEF—DISCRETION NOT ABUSED.—An order setting aside a default judgment against a public administrator will not be disturbed where it is made to appear that the deputy county counsel to whom the copy of the summons and complaint was delivered by mistake indorsed thereon the wrong date of service, and the deputy to whom the case was assigned for answering relied upon such indorsement, and upon discovery of the mistake the defendant promptly moved to set aside the judgment and filed an answer raising substantial issues of fact.

APPEAL from an order of the Superior Court of Los Angeles County setting aside default. John M. York, Judge.

The facts are stated in the opinion of the court.

Edward W. Cunningham, and Abe Hart, for Appellant.

A. J. Hill, County Counsel, and David R. Faries, Deputy County Counsel, for Respondent.

JAMES, J.—The sole question presented by this appeal is as to whether the trial court abused its discretion in setting aside the default of the defendant and judgment entered thereon. Three affidavits were presented by the defendant in support of his motion to set aside the default and the judgment; also an answer the allegations of which raised material issues of fact, which answer was filed after the court had made the order which is sought to be reversed upon this appeal. The affidavit of the defendant set forth that the summons and complaint in the action were served upon him on the nineteenth day of November, 1915; that he delivered said summons and complaint on the same day to Robert B. Murphey, a deputy county counsel, and requested that the county

counsel appear on his behalf in the action; that he did not know why no appearance was entered within the ten days prescribed by law. The affidavit of defendant further contained the statement that he had fully and fairly stated the facts and circumstances of the case to a deputy county counsel, one of his attorneys, and had been advised that he had a good and substantial defense on the merits of the action; that he believed the same to be true. Murphey's affidavit, being one of the three filed, reads as follows:

"Robert B. Murphey, being first duly sworn, deposes and says: That he is an attorney, duly admitted to practice law in the courts of the state of California; that he is, and at all times mentioned herein has been, a deputy county counsel in and for the county of Los Angeles, state of California; that Frank Bryson, public administrator, the defendant herein, delivered to affiant a copy of the summons and complaint herein, and that affiant informed said defendant that he would turn the matter over to A. J. Hill, county counsel of Los Angeles County, who would assign said matter to one of the deputies in his office; that at the time said summons and complaint were handed to affiant, he inquired of said defendant as to the time of service of the same upon him, and understood defendant to say November 21, 1915, and further understood said defendant to say that it was on a Monday; that affiant thereafter indorsed upon the back of said complaint and summons the words and figures 'Served Monday, November 21, 1915'; that on the same day that the said defendant handed said summons and complaint to affiant, affiant delivered the same to Emily W. Wussow, secretary to said A. J. Hill, county counsel."

David R. Faries, a deputy county counsel, made affidavit that he was one of the attorneys for the defendant, and that about November 24, 1915, the matter of attending to the particular case referred to was assigned to him in the office of the county counsel; that it was customary to indorse upon the back of any pleading the date of service, and that when he received the complaint and summons there was indorsed on the back thereof the words, "Served Monday, November 21, 1915"; that he relied upon the indorsement as showing the correct date of service and believed that he had up to and including December 1st in which to plead to said complaint; that he was preparing to and expected to plead to

35 Cal. App.—44

the complaint on December 1st, and was surprised to learn on November 30th that default of the defendant had been entered. It will be noted that the defendant in his affidavit asserted that he delivered the complaint and summons to Murphey on the day of their receipt by him, with a request that the county counsel appear on his behalf in the action. Murphey's affidavit by inference contradicts this statement in that he asserts that at the time the summons and complaint were handed him he understood defendant to say that service had been made on November 21, 1915. As to whether Murphey actually received the summons and complaint on the 19th cannot be told, but it does appear that when he indorsed thereon the words, "Served Monday, November 21, 1915," he made an error as to the date, by reason of which error the second deputy in the office of the county counsel to whom the handling of the case was assigned was misled as to the expiration day of the time for pleading in the action. The motion to set aside the default and judgment was promptly made, and immediately after the court had granted that motion the defendant moved to set the cause for trial; but owing to the plaintiff's desire the date for the trial was not fixed, but this appeal was prosecuted.

Action of the kind here taken by trial judges under the authority given by the provisions of section 473 of the Code of Civil Procedure, as our supreme court has repeatedly said, will not be disturbed unless it very clearly appears that the trial judge has abused his discretion. Orders granting such relief are more to be favored than those denying the same. "Relief in such cases is said to be within the discretion of the court; but 'the exercise of the mere discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case, and, where the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application.' . . . Such orders rest very much in the discretion of the court below, and will not be disturbed by this court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion.' " (*Miller* v. *Carr*, 116 Cal. 378, [58 Am. St. Rep. 180, 48 Pac. 324]; *Melde* v. *Reynolds*, 129 Cal. 308, [61 Pac. 932]; *Nicoll* v. *Weldon*, 130 Cal. 666, [63 Pac. 63].) In the latter case the court re-

marked: "Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it (citing cases). It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor by the terms which the court will impose as the condition of granting the motion." (See, also, *Williamson* v. *Cummings etc. Co.*, 95 Cal. 652, [30 Pac. 762]; *Morton* v. *Morton*, 117 Cal. 443, [49 Pac. 557].) Appellant, admitting that the affidavits of the defendant show that a mistake had been made as to the date of service, argues that the affidavits are not sufficient in their showing that such mistake was excusable. In view of the settled disposition of the appellate courts in viewing the action taken under section 473 of the Code of Civil Procedure, and as is held in the cases cited, the question is rather as to whether the affidavits show that the mistake was inexcusable, and that we are not prepared to hold. Deputy County Counsel Murphey, it is not disputed, indorsed the wrong date of service upon the complaint and summons, and the deputy to whom the handling of the cause was assigned had no other information to guide him in determining when appearance was due than this indorsement. The defendant acted with promptness throughout, evidencing no desire to hinder or delay plaintiff in the prosecution of her action, and filed an answer which raised substantial issues of fact to be tried. We think that the order as made should not be disturbed.

The order appealed from is affirmed.

Conrey, P. J., and Works, J., *pro tem,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1918.