[L. A. Nos. 8433, 8434.  In Bank.—February 4, 1927.]

JOHN S. WAYBRIGHT et al., Respondents, v. W. O. ANDERSON et al., Appellants.

[1] JUDGMENTS — DEFAULT—SETTING ASIDE—DISCRETION—APPEAL.—A motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below.

[2] ID.—HEARING ON MERITS.—It is the policy of the law to favor, wherever possible, a hearing on the merits, and appellate courts are much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when a judgment by default is allowed to stand and it appears that a substantial defense could be made.

[3] ID.—SECTION 473, CODE OF CIVIL PROCEDURE—CONSTRUCTION.—Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it; and it is for this reason that appellate courts more readily listen to an appeal from an order refusing to set aside default than where the motion has been

1.  See 14 Cal. Jur. 1073.

granted, since in such a case the defaulting party may be deprived of a substantial right.

[4] ID.—MOTION TO SET ASIDE DEFAULT—CONFLICTING AFFIDAVITS—APPEAL.—Upon motions to set aside defaults in filing amended complaints, where the affidavit of counsel for the moving parties alleged that the affiant understood that by a telephone agreement with opposing counsel the date within which amended complaints might be served and filed was left open and that affiant believed judgments of default or dismissal would not be entered in the *interim*, which belief was reasonable under the circumstances, although counter-affidavits controverted these facts, the decision of the trial court setting aside the defaults is conclusive on appeal.

[5] ID.—ORAL STIPULATIONS—EXCEPTION TO RULE.—While the general rule is that a stipulation of counsel cannot be enforced unless put in writing, or entered in the minutes of the court, the courts have been indisposed to give this otherwise general rule application to default judgments.

[6] ID.—AFFIDAVIT OF MERITS—VERIFIED COMPLAINT.—Upon a motion to vacate a default entered upon failure to file an amended complaint within time, the service and filing of a verified complaint renders unnecessary the presentation and filing of an affidavit of merits.

[7] ID.—APPLICATION TO SET ASIDE DEFAULT—TIME.—Where counsel, twenty-eight days after obtaining knowledge of the entry of defaults, served and filed notices of motion to vacate defaults entered upon failure to file verified complaints within time, and made application in open court twelve days thereafter, the application was made within time under section 473 of the Code of Civil Procedure.

---

(1) 4 C. J., p. 839, n. 27, p. 840, n. 33; 34 C. J., p. 365, n. 67, p. 429, n. 79.  (2) 4 C. J., p. 840, n. 30, 34; 34 C. J., p. 429, n. 83. (3) 34 C. J., p. 296, n. 7; 36 Cyc., p. 1174, n. 78.  (4) 4 C. J., p. 798, n. 20 New, p. 845, n. 87; 34 C. J., p. 305, n. 69.  (5) 34 C. J., p. 305, n. 69, p. 310, n. 94, p. 311, n. 99, 5; 36 Cyc., p. 1281, n. 6.  (6) 34 C. J., p. 354, n. 65 New.  (7) 4 C. J., p. 688, n. 69, p. 689, n. 71; 34 C. J., p. 258, n. 99, p. 265, n. 22.

APPEAL from orders of the Superior Court of Los Angeles County setting aside judgments of dismissal. Charles S. Burnell, Judge. Affirmed.

---

5.  See 14 Cal. Jur. 1032.
6.  See 14 Cal. Jur. 1057.
7.  See 14 Cal. Jur. 1060 et seq.

The facts are stated in the opinion of the court.

Arvin B. Shaw, Jr., and I. W. Stewart for Appellants.

Moote & Patterson for Respondents.

THE COURT.—The above-named appellants have prosecuted appeals from two orders of the superior court of the county of Los Angeles setting aside and vacating judgments of dismissal entered against the plaintiffs in two actions involving the same parties. A stipulation that the two appeals may be consolidated and considered upon one set of briefs is on file herein.

The first of said actions was instituted on June 5, 1924, and is founded upon an alleged extortion. On the following day a second action was commenced and had for its purpose the recovery of a treble penalty. A demurrer to each of said complaints was interposed and sustained on the ground of defect of parties plaintiff. The time within which the plaintiffs might amend their complaints expired on August 4, 1924, without their having so amended. Thereafter and on August 12, 1924, a judgment of dismissal was entered in each of said actions on motion of the defendants. On the next succeeding day the plaintiffs attempted to serve their amended complaints and were thereupon for the first time informed of the entry of the judgments of dismissal. Subsequently, and on September 10, 1924, the plaintiffs served and filed in each action a notice of motion to set aside the judgment theretofore entered therein. An affidavit of counsel and a copy of an unverified amended complaint accompanied each notice of motion. On October 1, 1924, and before final hearing on said applications, the plaintiffs served and filed in each action a new notice of motion to vacate and attached thereto copies of new and verified amended complaints. A hearing on each of said applications was had on October 8, 1924, at which time the judgments of dismissal were set aside by the trial court and the verified amended complaints ordered filed. As already indicated, it is from the orders setting aside the judgments of dismissal that the appellants have appealed.

[1] Preliminary to a consideration of the propriety of the trial court's action in the instant cases it may be stated that the authorities uniformly declare that a motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below. (*Downing* v. *Klondike Min. Co.,* 165 Cal. 786, 788 [134 Pac. 970]; *Alferitz* v. *Cahen,* 145 Cal. 397, 398 [78 Pac. 878]; *O'Brien* v. *Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004]; *McGowan* v. *Kreling,* 117 Cal. 31, 35 [48 Pac. 980]; *Harbaugh* v. *Honey Lake Val. L. & W. Co.,* 109 Cal. 70, 72 [41 Pac. 792]; *Sampanes* v. *Chazes,* 54 Cal. App. 612, 613 [202 Pac. 462]; *Porter* v. *Bryson,* 35 Cal. App. 688, 690 [170 Pac. 1068]; *Watson* v. *Columbia Basin Dev. Co.,* 22 Cal. App. 556, 561 [135 Pac. 511].)

[2] Moreover, it is the policy of the law to favor, wherever possible, a hearing on the merits and appellate courts are "much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made." (*O'Brien* v. *Leach, supra; Downing* v. *Klondike Min. Co., supra; Porter* v. *Bryson, supra.*) This is clearly indicated in the case of *Berri* v. *Rogero,* 168 Cal. 736, 740 [145 Pac. 95, 97], wherein it is stated that "The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. . . . A broad discretion is allowed to courts in granting relief, against default, and it is in cases only where the lower court has abused its discretion that the appellate court will reverse its action."

[3] Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it. It is for this reason that appellate courts more readily listen to an appeal from an order refusing to set aside default than where the motion has been

granted, since in such case the defaulting party may be deprived of a substantial right. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63].)

[4] The affidavits of counsel presented to the trial court upon the hearing of the applications herein show that a telephone conversation was had between opposing counsel at a time subsequent to the expiration of the period within which the plaintiffs were to have amended their complaints; that a verbal stipulation or understanding of some sort was entered into whereby the plaintiffs were to be permitted to thereafter file their amended complaints; and that there was a misunderstanding or divergence of opinion between counsel as to the effect of their verbal stipulation. Respondents' counsel in his affidavit in support of the motions to vacate asserts, in part, that he ''felt absolutely assured the filing of the amended complaint upon any day that it might be ready would be satisfactory to the defendant. Absolutely no statement was made by Mr. Shaw [counsel for appellants] to the effect that it would have to be filed on any day certain or that default would be taken. If such had been our understanding, a written stipulation would have been obtained, a court order extending our time secured or the pleading would have been duly filed. . . . The defendants' attorneys did not notify us of their intention to disregard our verbal stipulation or inform us that our default would be taken if said complaint was not in within a given period of time. Our office had at all times acted upon and relied upon such verbal understanding in good faith.'' The counter-affidavit of appellants' counsel states, in part, that in their telephone conversation respondents' counsel said ''he would see to it that said amended complaint was served and filed by Friday, August 8, 1924, to which affiant responded 'all right.' That said Mr. Patterson [counsel for respondents] did not state that 'the amended complaint would be served and filed in a few days,' or at any indefinite time, and affiant did not say to him, in words or in substance, nor did affiant orally or otherwise stipulate that plaintiffs' attorneys might have an indefinite or uncertain time, or such time as they desired, or any other time than up to and including said Friday, within which to serve and file said amended complaint.''

As indicated in the affidavit of respondents' counsel, he interpreted the agreement with opposing counsel as leaving the date or time open within which amended complaints might be served and filed and he further believed that judgments of default or dismissal would not be entered in the *interim*. In our opinion, this belief was not under the circumstances unreasonable, and "it is his belief and the reasonableness thereof that controls the question." (*Savings Bank* v. *Schell*, 142 Cal. 505 [76 Pac. 250].) The decision of the court below is conclusive on appeal in so far as the affidavits of counsel are in conflict. (*Savings Bank* v. *Schell, supra.*) That an appellate court would have upon the same showing reached a conclusion opposed to that of the trial court is not indicative of an abuse of discretion upon the part of said lower court. (*Alferitz* v. *Cahen, supra.*)

[5] We are familiar with the general rule that a stipulation of counsel cannot be enforced unless put in writing, or entered in the minutes of the court (sec. 283, Code Civ. Proc.), but the courts have been indisposed to give this otherwise general rule application to default judgments. (*McGowan* v. *Kreling, supra; Johnson* v. *Sweeney,* 95 Cal. 304, 306 [30 Pac. 540]; *McGillivray* v. *Owen,* 30 Cal. App. 763, 765 [159 Pac. 452].) Under the circumstances presented herein, the neglect or delay of respondents' counsel—for it would not have been neglect if his belief in the effect of the verbal stipulation had been well founded— was excusable, within the meaning of the statute which requires a default to be set aside where the same was taken through the excusable neglect of a party. In so declaring we are not unmindful that appellants urge that "the law requires the excuses for negligence to be shown." Aside from our opinion that the affidavits filed herein sufficiently explain and excuse the respondents' delay in pleading, it may be said that "in view of the settled disposition of the appellate courts in viewing the action taken under section 473 of the Code of Civil Procedure . . . the question is rather as to whether the affidavits show that the mistake was inexcusable, and that we are not prepared to hold." (*Porter* v. *Bryson, supra.*)

The order of a trial court vacating a default judgment has been sustained on appeal where the failure to season-

ably plead resulted from an erroneous office filing by counsel (*Downing* v. *Klondike Min. Co., supra*); also where counsel erroneously assumed service of summons had been had in the county wherein his client resided (*O'Brien* v. *Leach, supra*); and where counsel made entry of a wrong date of trial in his diary (*Hagenkamp* v. *Equitable L. Assur. Soc.*, 29 Cal. App. 713, 717 [156 Pac. 520]). These authorities sufficiently illustrate that in the absence of a clear showing of abuse in the exercise of its discretion the order of the lower court setting aside a default will not be disturbed on appeal. There has been no showing herein that the court below abused its discretion.

[6] What has been said adequately disposes of the first two contentions urged by the appellants on this appeal. As a third contention it is asserted that "no proper showing of merits was made." It is true that affidavits of merits were not filed herein, but under the doctrine of *Sampanes* v. *Chazes, supra,* the service and filing of verified amended complaints rendered unnecessary the presentation and filing of affidavits of merits. We are not prepared to hold that said verified amended complaints fail to state causes of action, as urged by the appellants, for this question is primarily one to be decided by the trial court.

[7] Nor can we agree with the appellants' final contention that respondents' applications to set aside the judgments of dismissal were not made within a reasonable time. The entry of the default in each action was brought to the knowledge of respondents' counsel on August 13, 1924, whereupon he served and filed notices of motion to vacate the same on September 10, 1924, and made application in open court on September 22, 1924. Under the provisions of section 473 of the Code of Civil Procedure, a motion to vacate and set aside a judgment must be presented within a "reasonable time" not exceeding six months. The applications herein were, in our opinion, seasonably made.

For the foregoing reasons the orders appealed from are affirmed.