[Civ. No. 1405. Fourth Appellate District.—December 18, 1933.]

ROBERT E. BOLE, etc., Appellant, v. ED McADAMS, Respondent, and McADAMS PETROLEUM CORPORATION (a Corporation) et al., Defendants.

Ernest B. Coil for Appellant.

Lane & Lane for Respondent.

MARKS, J.—This is an appeal from an order of the Superior Court of Orange County made on the eleventh day of September, 1931, denying the motion of appellant to vacate and set aside an order made on the seventh day of August, 1931, sustaining objections of respondent to the settlement of a proposed bill of exceptions on appeal from a judgment, and denying appellant relief from his default in preparing and proposing such bill of exceptions for settlement, under the provisions of section 473 of the Code of Civil Procedure.

Judgment was rendered in favor of respondent in the trial court on March 14, 1931, and a notice of appeal was filed within the time allowed by law. On April 21, 1931, appellant obtained an order extending his time to prepare and serve his proposed bill of exceptions on appeal, to and including the fifth day of May, 1931. A copy of this order was served upon the attorneys for respondent and the original was filed with the county clerk. On May 2, 1931, a further order extending time to and including May 15, 1931, was obtained and filed, but was not served. On May

18, 1931, another order extending time to and including May 25, 1931, was signed, but was neither served nor was it filed on that day. Other orders attempting to extend the time to prepare and serve the proposed bill of exceptions to June 1, 1931, were signed. On the last-named date appellant served his proposed bill of exceptions. Counsel for respondent objected to the settlement of any bill of exceptions and reserved the right to object to such settlement and on June 8, 1931, served and filed written objections to the settlement of a bill of exceptions on appeal. Appellant then served upon respondent a written notice that the proposed bill and proposed amendments would be presented to the trial judge on June 20, 1931. This was continued to August 7, 1931, on which date respondent objected to the settlement of the bill of exceptions and the court sustained such objections and denied the application of appellant to be relieved from his default in his delay in preparing and presenting the bill and dismissing the proceedings to settle the bill of exceptions. It would seem that the principal reason for the delay in preparing the proposed bill was the failure of counsel for appellant to promptly secure from the court reporter the typewritten transcript. On August 24, 1931, appellant gave notice that on September 4, 1931, he would move for the requested order. His motion was denied and this appeal followed.

Affidavits of counsel for appellant, counsel for respondent, and the court reporter were submitted to the trial judge on the hearing of the motion. From these affidavits it appears that the appellant himself ordered the transcript written up by the reporter; that it was then estimated that the cost would amount to $37.50, which sum was paid by appellant; that the transcript was completed by the reporter on May 4, 1931; that on that date he notified the secretary of counsel for appellant of such fact over long-distance telephone; that on May 6, 1931, he wrote the appellant advising him that the transcript was completed and would be delivered to appellant's counsel as soon as appellant paid him the sum of $20.75, the balance due for his services in making the transcript; that the orders extending time within which to prepare and propose the bill of exceptions were sent the reporter by mail by counsel for appellant; that each order was presented by the reporter to and

signed by a judge of the Superior Court of the County of Orange on the day it was received; that the order dated May 18, 1931, which we have referred to, was received by the reporter through the mail on that day and presented to the judge and signed by him. These facts are undisputed except that counsel for appellant in his affidavit states that the order dated May 18, 1931, was sent to the reporter with a letter from such counsel dated May 14, 1931.

It is admitted by appellant that the orders attempting to grant extensions of time after May 15, 1931, were all void and that appellant was in default on June 1, 1931, when he served the proposed bill.

■ It is the established policy of the law in California to favor a hearing on the merits where possible. An order having such a result is regarded with greater favor by an appellate court than one having the contrary effect. ■ It is also equally well settled that "a motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below". (*Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 Pac. 148, 149].)

■ In the instant case the following facts seem to be well established: that appellant himself ordered the transcript; that it was ready for delivery on May 4, 1931; that counsel for appellant was informed of this fact on that date; that appellant was informed of it on May 6, 1931, and of the additional fact that the transcript would not be delivered until payment of $20.75 had been made to the reporter; that the reporter acted as the agent of counsel for appellant in presenting the various orders extending time to the trial court and that therefore appellant is charged with notice that the order which bears date May 18, 1931, was not signed until that date.

Under these circumstances we have concluded that the delay in preparing and serving the proposed bill of exceptions, caused by not securing the reporter's transcript, is chargeable to appellant individually as he did not promptly pay the bill of the reporter nor promptly notify his counsel of his inability to pay so that arrangements might have been made for the delivery of the transcript. Under these circumstances we conclude that there was no such an abuse

of discretion on the part of the trial judge in refusing to vacate the order in question and relieve appellant from his default that we can disturb this order on appeal.

Order affirmed.

Barnard, P. J., and Jennings, J., concurred.