[Civ. No. 13392. First Dist., Div. Two. Oct. 6, 1947.]

NORMA JOHNSON, Appellant, v. B. L. JOHNSON, Respondent.

Booth B. Goodman for Appellant.

Felton L. Watson for Respondent.

DOOLING, J.—The plaintiff appeals from an order setting aside a final decree of divorce. The evidence in support of the motion to set aside the final decree establishes that appellant filed an action for divorce from respondent in San Francisco while respondent was in the armed forces of the

United States. There was submitted to respondent for his signature a waiver of his rights under the Soldiers' and Sailors' Relief Act of 1940, and a property settlement agreement. Appellant had previously withdrawn from a joint bank account of the spouses the sum of $4,000. One of the terms of the proposed property settlement was the promise by appellant "to restore" to respondent $2,000 "as his full share and portion of said monies." On January 15, 1945, at a time when the waiver and property settlement agreement had not been signed by respondent, appellant addressed a letter to respondent, the body of which reads:

"I received your letter and considered your request. I agree that the $2,000.00 mentioned in the property settlement agreement shall be paid within one year after the granting of the interlocutory decree of divorce. That will make the money payable before the divorce is final.

"I will also give you my automobile if you will properly execute the appearance and agreement and return to my attorney immediately.

"When these papers are received, as above stated, I will send the endorsed pink slip to you."

Upon receipt of this letter the waiver and agreement were signed by respondent and on February 20, 1945, appellant obtained an interlocutory decree of divorce by default, the decree reciting the written waiver by defendant of "all of the provisions of the Soldiers' and Sailors' Relief Act of 1940."

On June 15, 1946, a final decree of divorce *nunc pro tunc* as of February 22, 1946, was granted on appellant's application. Appellant has paid respondent no part of the $2,000.

■ We cannot interfere with the discretion of the trial court. Its order setting aside the final decree is supported by the evidence. The court was entitled to find that the execution of the waiver and property agreement by respondent and his failure to appear in the divorce action were induced by the appellant's promise to pay him the $2,000 within one year after the granting of the interlocutory decree, which time was expressly stated in appellant's letter to him to be "before the divorce is final." The gist of the promise is contained in the quoted words, and the trial court was justified in treating the promise as one that the payment should precede the entry of any final decree.

■ Where a judgment is taken against a defendant in violation of an agreement between the parties it amounts to

an extrinsic fraud upon the defendant which will support an order vacating the judgment. (*Waybright* v. *Anderson*, 200 Cal. 374 [253 P. 148] ; *Bonfilio* v. *Ganger*, 60 Cal.App.2d 405 [140 P.2d 861] ; *Sobzhak* v. *Rivera*, 126 Cal.App. 217 [14 P.2d 533] ; *McKeever* v. *Superior Court*, 85 Cal.App. 381 [259 P. 373] ; *MacGillivray* v. *Owen*, 30 Cal.App. 763 [159 P. 452] ; 14 Cal.Jur., Judgments, § 93, p. 1032.)

The fact that appellant was remarried and expecting a child cannot affect the result. She induced the respondent to execute the property agreement, waive his rights under the Soldiers' and Sailors' Relief Act and suffer a default by her promise that she would pay him $2,000 "before the divorce is final," and then had the final decree entered in violation of her agreement. "While it is regrettable that defendant had remarried in the interim, this fact, standing alone, cannot serve to deprive plaintiff of the relief to which (s)he is entitled. Moreover, this fact was before the court below and was undoubtedly weighed by it in determining the cause. It is unfortunate that one of two apparently innocent persons must suffer by reason of defendant's fraud." (*Nelson* v. *Nelson*, 7 Cal.2d 449, 452 [60 P.2d 982] ; *Rhea* v. *Millsap*, 68 Cal.App.2d 449, 455 [156 P.2d 941].)

The order appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.