[Civ. No. 29152.   Second Dist., Div. Four.   Nov. 22, 1966.]

MADELYN B. CLARK, Plaintiff and Respondent, v. CHARLES A. CLARK, Defendant and Appellant.

Mark W. Tumbleson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward M. Belasco and William L. Zessar, Deputy Attorneys General, for Plaintiff and Respondent.

JEFFERSON, J.—This is an appeal by defendant, the former husband of plaintiff, from an order made in a proceeding under the Uniform Reciprocal Enforcement of Support Act (Code Civ. Proc., §§ 1650-1690), commanding defendant to make monthly payments to plaintiff for the support of the parties' three minor children. No dispute exists as to the facts presented, the record consisting of an agreed statement on appeal.

Proceedings under the reciprocal support act were initiated by plaintiff on November 29, 1961, in a court in the State of New Jersey, upon her filing of a complaint against defendant and declaration seeking support for herself and their minor children.[1] The matter was certified to the Superior Court of Los Angeles County, which issued a citation commanding defendant to appear and show cause why he should not be ordered to pay the support requested. After two unsuccessful attempts, a citation was served upon defendant and, after initially failing to appear as ordered on November 20, 1962, he appeared on December 17, 1962. At that time defendant presented evidence that he had been previously awarded an interlocutory judgment of divorce from plaintiff (on November 21, 1962) in the Los Angeles Superior Court, in a proceeding in which plaintiff made a general appearance, and that the decree gave him custody of the minor children. For this reason

---

[1]The children have been physically present, at all times material, either in Illinois, Pennsylvania or New Jersey.

the court dismissed the aforementioned order to show cause, without prejudice.[2]

On September 20, 1963, the reciprocal support action was reactivated with the issuance of another citation by the superior court ordering defendant to again appear. A hearing was held thereon on November 12, 1963, and, after the submission of additional points and authorities, on January 24, 1964, the court made its order that defendant contribute the sum of $125 per month for the support of his three minor children commencing on November 25, 1963, the sum to be increased to $150 per month commencing on June 10, 1964. It is from this order that defendant appeals.

Defendant contends that inasmuch as, prior to the support order, he was granted a divorce from plaintiff which awarded him the custody of the children in a proceeding in which plaintiff appeared generally and thus submitted herself to the jurisdiction of the court, that the issue of support was res judicata from the time of the judgment in the divorce action. It is also argued that the order appealed from is improper since it discourages adherence to the award of custody previously made and encourages plaintiff to flout that order and to continue her disregard of judicial procedure.

Initially, we find without merit defendant's contention that the order encourages plaintiff to ''flout'' the custody order previously made. Although the record indicates that since the divorce the children have remained in the east in the physical custody of plaintiff, there is absolutely no evidence to show that plaintiff has refused to release the children to defendant or that she has in any way frustrated the award of custody granted to defendant in the divorce action. For what reason

---

[2]In regard to the divorce proceeding, defendant had instituted the action on December 20, 1961, by filing a complaint for separate maintenance against plaintiff. On April 30, 1962, in an amended verified complaint, he asked for a divorce and custody of the children. (The complaint contained the required allegation as to his residency in California.) Followng this, on May 17 and 18, 1962, plaintiff filed an answer to the amended complaint (containing no denial of defendant's residency allegation), and a cross-complaint for separate maintenance. In the cross-complaint plaintiff prayed for the children's custody and that defendant be ordered to pay for their support. Defendant answered, served cross-interrogatories and a notice of the taking of plaintiff's deposition. On September 2, 1962, counsel for plaintiff noticed a motion to be relieved from further representation of plaintiff. On September 28 defendant moved to strike plaintiff's answer and cross-complaint and asked for entry of her default. His motion was granted on October 4 and at the same hearing plaintiff's counsel was relieved as counsel of record. On November 21, 1962, defendant was awarded the interlocutory decree by default; the final judgment of divorce was entered on December 10, 1963.

plaintiff is keeping the children—whether at the specific request of defendant or while awaiting transportation arrangements to be made by defendant—or for any number of reasons which could not be argued to be in disregard of the custody order, is simply not shown. It is just as logical to infer that defendant has voluntarily left the children with plaintiff as to infer, as defendant would have us, that she has retained the children without right or authority.

█ That defendant—as the father of the children—has the obligation to support them is not disputed. (See *Estate of Goulart,* 218 Cal.App.2d 260, 263 [32 Cal.Rptr. 229, 6 A.L.R.3d 1380]; Civ. Code, § 196.) Defendant points out that he has assumed this obligation in requesting and being awarded their custody in the divorce proceeding. But it has been determined that he is not supporting them. The court below, in its order of January 24, 1964, determined that plaintiff was entitled to the aid of the court relative to her petition for reciprocal support. Among the findings made, the court found: "That the minor children, Elizabeth, Mary and Mark," are the dependents of defendant; that they are partially dependent upon him for support; the sum he was ordered to pay is a reasonable amount for him to contribute for such support; and finally, that he has the present ability to make the payments ordered. The record before us contains absolutely no evidence which would support contrary findings.

The single issue to be resolved in this action brought under the "Uniform Reciprocal Enforcement of Support Act" is the question of entitlement of dependents to support by one legally liable to support them. █ "The support law is designed to enable a dependent in one state to secure money for support from a person residing in another state who is legally liable for the support of the dependent. Its purposes are to improve and extend by reciprocal legislation the enforcement of duties of support." (*Smith* v. *Smith,* 125 Cal.App.2d 154, 156 [270 P.2d 613].) (See also annotation and supplement service on reciprocal support laws in 42 A.L.R.2d 768.)

This is not a case where the mother of minor children sues her former husband *for reimbursement* for money already expended by her to maintain children where she has taken the children from the father's legal custody or the children have gone voluntarily to live with her. Here defendant is ordered to make payments for the future support of the children.

In *Cobbe* v. *Cobbe*, (D.C. Mun.App. 1960) 163 A.2d 333, proceedings were instituted by a minor through her mother and against her father, (as here) under the Uniform Reciprocal Enforcement of Support Act. The mother and father were divorced in Florida and the mother was originally given custody of the child. However, due to illness of the mother, custody was changed to the father and support payments previously ordered to be made by the father were abated. Later, when the child, with the father's consent, went to live with the mother in Washington, D.C., the child brought action for support. The court in which the action was initiated dismissed the complaint because the decree awarding defendant custody had relieved him of the obligation of making payments to the mother for the child's support. The lower court concluded that the custody decree deprived it of jurisdiction to grant the relief sought. The appellate court reversed the lower court, holding that the decree changing custody to the father did not deprive the court of jurisdiction of the complaint *initiating* the proceedings against the father. The court stated (at p. 335): "[W]e do not believe that legal custody is the *sine qua non* of the right to maintain this action. The custody decree may affect appellant's right to recover against appellee in Florida, the responding jurisdiction, depending upon whether the courts there find appellee has violated or performed his duties under that decree and is no longer entitled to the benefits of it. We are not concerned with recovery for the moment, however, but merely with the right of appellant to bring an action in this the initiating jurisdiction."

In the instant case, the "responding jurisdiction," the Los Angeles Superior Court, has acted by ordering defendant to make support payments to fulfill his obligation of support. No basis is shown to upset its findings. The mere fact the court made its order when there was a decree outstanding which recited that defendant was entitled to the custody of the children, without more, is not, we conclude, a sufficient ground for reversing the support order.

The order is affirmed.

Files, P. J., and Kingsley, J., concurred.