**INTERIOR CREDIT BUREAU, INC., Appellant,**

v.

**Vernon BUSSING a/k/a Vern C. Bussing, Appellee.**

**No. 2822.**

Supreme Court of Alaska.

Jan. 31, 1977.

Peter J. Aschenbrenner, Fairbanks, for appellant.

Thomas P. Blanton, Fairbanks, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

BOOCHEVER, Chief Justice.

In this appeal, Interior Credit Bureau (ICB) challenges the enforceability of an

1. See Erwin, J., dissenting, *Bakken v. State,* 489 P.2d 120, 127 (Alaska 1971).

oral stipulation to settle a case. The oral settlement was entered into by counsel with the authority of their clients. After the agreement had been made, ICB sought to withdraw from the settlement. It is contended that the trial court erred in granting a motion to confirm the settlement agreement. We affirm the judgment of the superior court.

ICB, as assignee of Providence Hospital, sued Vernon Bussing for an unpaid balance of a hospital bill in the sum of $4,096.75. The answer to the complaint sets forth the affirmative defense that Providence, after ascertaining that Mr. Bussing was a veteran who desired to utilize his veteran's benefits, failed or refused to give the required notice to the Veteran's Administration (VA) to secure payment from that agency. Mr. Bussing's answer alleges that had proper notice been given, the bill would have been paid by the VA.

ICB attempted to locate the relevant hospital documents, but apparently due to lack of cooperation on the part of Providence, these documents could not be obtained initially. With trial set for November 24, 1975, Mr. Aschenbrenner, attorney for ICB, offered to settle the case for the sum of $500.00 on November 7, 1975. On the same day, Mr. Blanton, attorney for Mr. Bussing, orally accepted the offer. Mr. Aschenbrenner was to draft the form for dismissal with prejudice and send it to Mr. Blanton upon receipt of a check for $500.00.

On November 12, Mr. Aschenbrenner was advised by ICB that the documents had been found and were being forwarded to ICB from the hospital. These papers allegedly showed that Providence Hospital had fulfilled its duty to notify the VA. That same day, Mr. Aschenbrenner called Mr. Blanton, who was in trial, and left a message that there was a problem with the settlement.

On November 17, Mr. Aschenbrenner sent copies of the hospital documents to Mr. Blanton's office. On Tuesday, November 18, a $500.00 check was received by Mr. Aschenbrenner. The check has not been cashed. Mr. Aschenbrenner telephoned Mr. Blanton, explaining the problem with the settlement. Mr. Aschenbrenner then called the superior court and secured a continuance pending a motion from Mr. Blanton to "confirm the settlement."

On November 20, 1975, Mr. Blanton moved to confirm the oral settlement. The superior court granted the motion on January 15, 1976. ICB appeals from that decision. In this appeal, there is no challenge to Mr. Aschenbrenner's authority to settle.[1] Furthermore, the parties agree to both the existence and the terms of the oral settlement.

ICB claims, however, that the trial court violated the provisions of Alaska Rule of Civil Procedure 81(e) in enforcing the oral agreement to settle the case.[2]

Civil Rule 81(e) provides that:

1. In *Saxton v. Splettstoezer,* 557 P.2d 1126 (Alaska, 1976), we considered the question of authority of counsel to enter into a settlement.

2. This issue is properly raised in the points on appeal and was presented in the trial court. In its brief, ICB raises an alternative argument:

> If an oral agreement to terminate is enforceable, then some relief must be provided in the event of changed circumstances following the oral agreement but prior to the execution of a Rule 81(e) stipulation.

This alternative relief is not in the points on appeal and was not raised below. Accordingly, we shall not consider it here. *Saxton v. Splettstoezer, supra* at 4 n.1; *Kupka v. Morey,* 541 P.2d 740, 747 (Alaska 1975); *Univ. of Alas-*

*ka v. Simpson Bldg. Supply Co.,* 530 P.2d 1317, 1324 (Alaska 1975); *Summer Dev. Corp. v. Shivers,* 517 P.2d 757, 763 (Alaska 1974); *Moran v. Holman,* 501 P.2d 769, 770 n.1 (Alaska 1972); *Padgett v. Theus,* 484 P.2d 697, 700 (Alaska 1971).

We note, however, that relief from a stipulation which settles a case may be granted in situations similar to those in which relief from a contract is authorized. Such relief may be granted where stipulations have been entered into improvidently, inadvertently, mistakenly or as a result of fraudulent inducements, or changed circumstances or mistake, especially if enforcement would create an injustice.

*See* Annot., Relief from Stipulations, 161 N.L.R. 1161 (1946) (specifically at page 1192 dealing

Stipulations between parties or their attorneys will be recognized only when made in open court, or when made in writing and filed with the clerk.

We have not previously been required to construe the provisions of this rule.[3] The purpose of the rule is to avoid expending court resources to resolve arguments as to the existence and terms of an oral settlement agreement.

In *Kaui v. County of Kauai*, 47 Haw. 271, 386 P.2d 880, 884 (1963), the purpose of a similar rule was stated to be:

> . . . for the protection of the court against the burden of determining controverted questions of fact with respect to oral agreements between counsel.[4]

If, however, there were a dispute as to material terms of the settlement agreement or as to its existence, it is clear that the agreement would be unenforceable.

We believe that the rule should be construed in light of its purpose and the general policy of encouraging settlement of litigation. Stipulations and settlements are favored in law because they simplify, shorten and settle litigation without taking up valuable court resources.[5] Pursuant to Mr. Bussing's motion to confirm the settlement, both Mr. Blanton and Mr. Aschenbrenner filed affidavits acknowledging that a settlement had been reached and agreeing as to its terms. By filing these affidavits with the clerk, the parties here reduced the agreement and its terms to a writing which was "filed with the clerk" pursuant to Civil Rule 81(e). Moreover, both counsel agreed in open court that they had entered into the settlement stipulation. Thus, it appears that the stipulation to settle was acknowledged in open court even though one party sought to withdraw from the settlement contending that it was no longer effective.

We hold that where there is no dispute as to the material terms of a settlement,[6] the

---

with issues of settlement stipulations). *McFarling v. Demco, Inc.*, 546 P.2d 625, 630–31 (Okla. 1976); *Klein v. Klein*, 544 P.2d 472, 476 (Utah 1975); *Ralston Purina Co. v. County of Los Angeles*, 56 Cal.App.3d 547, 128 Cal.Rptr. 556, 565–66 (1976); *Higby v. Higby*, 538 P.2d 493, 495 (Colo.App. 1975); *Baird v. Baird*, 6 Wash. App. 587, 494 P.2d 1387, 1389 (1972); *Ragen v. City of New York*, 45 A.D.2d 1046, 358 N.Y. S.2d 62, 63 (1974).

**3.** The written requirement was touched upon in the case of *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027 at 1031–32 (Alaska 1972), which states:

> The parties have settled their original dispute over the installation of utility poles and power lines within the Aero Avenue right of way. The restraining order pertaining thereto was dissolved. *That particular controversy became moot when the parties signed their original stipulation. Accordingly, the dispute was no longer pending before the superior court at the time of its decision.* (Emphasis added)

The *Greater Anchorage Area* case held a written settlement binding. It did not explore the implications of the settlement, had it not been reduced to writing and signed by the parties. Literally, it specifies that in order to be recognized by the court, stipulations must be made in open court or in writing and filed with the clerk. *See also Kimball v. First Nat'l Bank of Fairbanks*, 455 P.2d 894, 895–96 (Alaska 1969), which mentions that the stipulation was in writing and on the record.

**4.** *See also Hackin v. Rupp*, 9 Ariz.App. 354, 452 P.2d 519, 521 (1969), quoting 83 C.J.S., Stipulations § 4 at p. 4:

> The rule requiring stipulations to be reduced to writing was adopted to prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up on controversial matters of this character.

**5.** In *Greater Anchorage Area Borough v. City of Anchorage*, 504 P.2d 1027 (Alaska 1972), this court stated:

> Sound judicial policy dictates that private settlements and stipulations between the parties are to be favored and should not be lightly set aside. (Citations omitted)

See also *Williams v. First National Bank of Pauls Valley*, 216 U.S. 582, 595, 30 S.Ct. 441, 54 L.Ed. 625, 631 (1910); *Boyd v. Larco-Industrial Painting Corp.*, 356 F.Supp. 917, 922 (W.D.Ark. 1973).

**6.** For other jurisdictions upholding undisputed oral agreements, *see Johnson v. Sweeney*, 95 Cal. 304, 30 P. 540 (1892), and *McDowell v. Orsini*, 54 Cal.App.3d 951, 127 Cal.Rptr. 285, 290–91 (1976). *See also* Annot., Stipulation—Form Requirements, 7 A.L.R.3d 1394, 1408. *But cf. Cravens v. Cravens*, 533 S.W.2d 372, 375 (Tex.Civ.App. 1975).

provisions of Civil Rule 81(e) are met if both parties admit either in a writing filed with the clerk or orally in open court that a settlement had been reached.

The judgment of the superior court confirming the settlement is affirmed.

AFFIRMED.