Filed 9/23/21  Ontiveros v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| KIMBERLY ONTIVEROS,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>     Respondent;<br><br>DAVID ONTIVEROS,<br><br>     Real Party in Interest. | D079331<br><br>(San Diego County<br>Super. Ct. No. DN156479) |


ORIGINAL PROCEEDING in mandate challenging order of Superior Court of San Diego County, Matthew J. Brower, Judge.  Petition granted.

Law Offices of Thomas D. Ferreira and Thomas D. Ferreira for Petitioner.

No appearance for Respondent.

David Ontiveros, in propria persona, for Real Party in Interest.

Petitioner Kimberly Ontiveros and real party in interest David Ontiveros are parties to a marital dissolution proceeding pending in respondent San Diego County Superior Court (the family court). By petition for writ of mandate, Kimberly challenges an order of the family court temporarily removing two minor children from her custody, placing them in David's custody, and prohibiting her from contacting them. We grant the petition.

## BACKGROUND

Kimberly and David were married and had two children, one now 15 years old and the other 13 years old. The marriage was dissolved in 2009. In 2013, the family court entered an order granting Kimberly and David joint legal custody of the children, granting physical custody to Kimberly, and granting David one overnight visit on his days off and up to 12 daytime visits per month. The order directed Kimberly to encourage the visits.

On June 15, 2020, Kimberly filed a request for order modifying the custody and visitation arrangement so that she would have sole legal custody of the children, David's visitation would be reduced to six daytime visits per month, and the children would have the right to refuse any requested visits. Kimberly also sought an order directing David and the children to participate in therapy. In a supporting declaration, Kimberly stated the relationship between David and the children appeared to have broken down, the children did not want to go to his house for visits because he shouts profanities and physically punishes them, they do not feel safe or wanted there, and he has refused to cooperate in therapy. David did not file any responsive pleading or declaration.

At the family court's direction, Kimberly and David participated in a mediation with Family Court Services on November 19, 2020, and reached an

2

agreement that they would continue to share joint legal custody of the children, Kimberly would continue to have physical custody, and David could visit the children at their discretion. Kimberly agreed to encourage visitation. David agreed to participate in therapy with the children. At a hearing on December 7, 2020, the family court adopted the agreement as its order on Kimberly's June 2020 request for order modifying the 2013 custody and visitation arrangement. A written order followed on March 1, 2021.

At a review hearing on April 2, 2021, Kimberly's counsel reported that no conjoint therapy had occurred yet because the children did not want to participate. David's counsel agreed that no conjoint therapy had occurred but attributed it to Kimberly's refusal to sign the contract or even to communicate with the therapist. David's counsel also reported that David had reached out to the children to set up visits, but had received little to no response. David's counsel requested the court set up a visitation schedule. The family court ordered Kimberly to complete the retainer contract with the therapist by April 5, 2021, and modified the March 1, 2021 order to grant David visitation with both children every Saturday or Sunday at noon to spend time together in a park. The court ordered Kimberly to participate in the visits and to encourage the children to do so. The court set a review hearing on August 4, 2021, to consider the status of the therapy between David and the children and compliance with the terms of the order.

At the August 4, 2021 hearing, the family court heard from the parties' counsel. Kimberly's counsel reported the children refused to go on trips to the park and did not want to visit their father because he is abusive and does not love them. Kimberly's counsel also reported therapy was not successful and submitted a letter from the therapist stating the conjoint sessions had been put on pause. David's counsel reported that when David went to

3

Kimberly's house to pick up the children for their scheduled trips to the park, the children refused to go outside and Kimberly refused to make them. Without explanation and based on Kimberly's alleged noncompliance with court orders, the court abruptly granted David temporary physical custody of the children, ordered custody be exchanged that day, and ordered Kimberly to have no communication with the children. The court denied Kimberly's request for a statement of decision and set the next review hearing for September 8, 2021.

Kimberly petitioned this court for a writ of mandate to compel the family court to vacate the August 4, 2021 order. She complained she had no notice the court was considering a change of custody and no opportunity to be heard on the matter before the change was ordered. Kimberly further complained the family court abused its discretion by refusing to issue a statement of decision. She also complained the court had made up its mind before hearing any evidence, and asked this court to order the matter assigned to a different judge.

By order filed August 19, 2021, we stayed enforcement of the August 4, 2021 order, and directed David to transfer physical custody of the children back to Kimberly. We also notified the parties we were considering issuing a peremptory writ in the first instance, and invited David to file an informal response to the petition. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 (*Palma*).) In his response, David took issue with some of Kimberly's factual assertions, and noted the August 4, 2021 order temporarily changing custody had not been implemented. He also argued Kimberly had sufficient notice and opportunity to be heard regarding a possible change in custody and visitation, the family court did not abuse its

4

discretion in ordering the temporary change, and assignment of the case to another judge was not required.

## DISCUSSION

The family court erred by temporarily taking physical custody of the children away from Kimberly and ordering her not to communicate with them without affording her due process of law. Kimberly possesses a fundamental liberty interest in the custody, care, and companionship of her children that is protected from government deprivation by the due process clauses of the federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a); *Stanley v. Illinois* (1972) 405 U.S. 645, 651; *In re Marilyn H.* (1993) 5 Cal.4th 295, 306; *R.H. v. Superior Court* (2012) 209 Cal.App.4th 364, 371.) Before a person may be deprived of a protected liberty interest, due process generally requires the person be given notice of the deprivation contemplated and an opportunity to be heard on the matter before the deprivation occurs. (*Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314; *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212-213.) In particular, before a court may modify a custody order to take custody of a child away from a parent, the parent must be given notice of the requested modification and an opportunity to be heard on the request. (*McDowell v. Orsini* (1976) 54 Cal.App.3d 951, 961 (*McDowell*); *Leverett v. Superior Court* (1963) 222 Cal.App.2d 126, 134.)

At the August 4, 2021 review hearing, the family court temporarily changed the children's physical custody from Kimberly to David and prohibited her from communicating with the children, even though David had not sought those changes and she was not given an opportunity to submit evidence or argument on whether the changes would be in the best interest of

5

the children.  (See, e.g., *In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 826 ["A trial court's order modifying custody is 'appropriate only if the parent seeking modification demonstrates " 'a significant change of circumstances' indicating  that a different custody arrangement would be in the child's best interest." ' "].)  The court also did not specify the noncompliance by Kimberly with prior orders that purportedly justified the change in custody and the prohibition on communication with the children or give her an opportunity to present evidence or argument on those issues.  "An order granting [David] visitation rights of one month's duration during which he would have 'physical possession of the minor[s]' patently affects [Kimberly's] interest in the companionship, care, custody and management of the child[ren].  Before any such order was made, [Kimberly] was entitled to reasonable notice and an opportunity to be heard with respect thereto.  She received neither." (*McDowell*, *supra*, 54 Cal.App.3d at p. 962.)

To correct the family court's error in modifying the custody and visitation order without first affording Kimberly notice and an opportunity to be heard, immediate writ relief is warranted.  We notified the parties we were considering issuing a peremptory writ in the first instance and solicited and obtained a response from David.  (See Code Civ. Proc., § 1088; *Palma*, *supra*, 36 Cal.3d at p. 180.)  The material facts are not in dispute, the legal error is clear, no useful purpose would be served by full briefing and oral argument, and there is some urgency in meeting the needs of the children for a stable custody and visitation arrangement.  Hence, issuance of a peremptory writ of mandate in the first instance to vacate the challenged order is appropriate.  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-

6

1241; *Johnny W. v. Superior Court* (2017) 9 Cal.App.5th 559, 567-568; *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1057.)[1]

We deny Kimberly's request that we order a different judge to conduct further proceedings in the underlying case. An appellate court should use its power to order disqualification "sparingly, and only if the interests of justice require it," such as "where a reasonable person might doubt whether the trial judge was impartial." (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303.) The family court's order suggests frustration with Kimberly and a desire to resolve a contentious child custody dispute, but not a disqualifying bias against Kimberly.

## DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate the August 4, 2021 order. The stay issued on August 19, 2021, is dissolved. The parties shall bear their own costs of this writ proceeding.

HALLER, Acting P. J.

WE CONCUR:

DATO, J.

GUERRERO, J.

---

[1] Our decision to vacate the order based on the due process violation makes it unnecessary for us to address Kimberly's contention the family court abused its discretion by refusing to issue a statement of decision.